# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

CELISA ANN WILLIAMS CARNEY, ◊

   ◊

  Petitioner,   ◊

   ◊

VS.    ◊   No. 06-1044-T/An

   ◊

DAVID WOOLFORK,  ◊

   ◊

  Respondent.   ◊

---

## ORDER CORRECTING THE DOCKET
## ORDER OF DISMISSAL
## ORDER DENYING CERTIFICATE OF APPEALABILITY
## ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
## AND
## ORDER DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

---

Petitioner Celisa Ann Williams Carney, an inmate at the Madison County Jail in Jackson, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 on February 24, 2006.  Petitioner paid the habeas filing fee.  The Clerk shall record the respondent as Madison County Sheriff David Woolfork, and shall remove Judge Blake Anderson as a party to this case.  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (the proper respondent to a habeas petition is the petitoner's custodian).

## I. STATE COURT PROCEDURAL HISTORY

The allegations in the petition are extremely unclear.  It appears that Carney was convicted on an unspecified date of theft under $500 and was sentenced to eleven months and

twenty-nine days in jail. She was released on an unspecified date after serving ninety days of that sentence. She contends that her release was unconditional and she was not on probation or parole. Thereafter, Carney was again arrested for theft under $500. That charge was dismissed by the Jackson City Court, but Carney was detained because her arrest allegedly violated the terms of her probation. Carney asserts that, on February 10, 2006, the City Court judge ordered her to serve the full sentence of eleven months and twenty-nine days despite the absence of any proof that she was, in fact, on probation. The petition asserts that Carney's appeal to the Madison County General Sessions Court is pending.

II.    PETITIONER'S FEDERAL HABEAS CLAIMS

In this federal habeas petition, Carney contends that she is being unlawfully detained without a hearing to establish that she was, in fact, on probation at the time of her arrest.[1]

III.    ANALYSIS OF THE MERITS

Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (I)    there is an absence of available State corrective process; or

        (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

---

[1] Although the petition purports to raise two separate issues, they both amount to an assertion that the order directing her confinement was based on the erroneous assumption that she was on probation.

> (2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254.  E.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing § 2254 Cases.  A petitioner has failed to exhaust her available state remedies if she has the opportunity to raise her claim by any available state procedure.  28 U.S.C. § 2254(c); Preiser v. Rodriguez, 411 U.S. 475, 477, 489-90 (1973).

To exhaust her state remedies, the petitioner must have presented the very issue on which she seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining her.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  "'[T]he substance of a federal habeas corpus claim must first be presented to the state courts.'"  Id. at 163 (quoting Picard, 404 U.S. at 278).  A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief."  Id.

Conversely, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court."  Id.  When a petitioner raises different factual issues under the same legal theory she is required to

3

present each factual claim to the highest state court in order to exhaust her state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987). She has not exhausted her state remedies if she has merely presented a particular legal theory to the courts without presenting each factual claim. Pillette, 824 F.2d at 497-98. The claims must be presented to the state courts as a matter of federal law. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982); see also Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Moreover, the state court decision must rest primarily on federal law. Coleman v. Thompson, 501 U.S. 722, 734-35 (1991). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, the petitioner ordinarily is barred by this procedural default from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). However, the state-court decision need not explicitly address the federal claims; instead, it is enough that the petitioner's brief squarely presents the issue. Smith v. Digmon, 434 U.S. 332 (1978) (per curiam); see also Baldwin v. Reese, 124 S. Ct. 1347, 1350-51 (2004) (a federal habeas claim is fairly presented to a state appellate court only if that claim appears in the petitioner's brief).

4

When a petitioner's claims have never been actually presented to the state courts but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred. <u>Coleman</u>, 501 U.S. at 752-53; <u>Teague v. Lane</u>, 489 U.S. 288, 297-99 (1989); <u>Wainwright v. Sykes</u>, 433 U.S. at 87-88; <u>Rust</u>, 17 F.3d at 160.

A petitioner confronted with either variety of procedural default must show cause for the default and that she was prejudiced in order to obtain federal court review of her claim. <u>Teague</u>, 489 U.S. at 297-99; <u>Wainwright v. Sykes</u>, 433 U.S. at 87-88. Cause for a procedural default depends on some "objective factor external to the defense" that interfered with the petitioner's efforts to comply with the procedural rule. <u>Coleman</u>, 501 U.S. at 752-53; <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).

A petitioner may avoid the procedural bar, and the necessity of showing cause and prejudice, by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750. The petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995) (quoting <u>Murray</u>, 477 U.S. at 496). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Id.</u>

In this case, Carney's appeal of the decision of the Jackson City Court is pending; therefore, she has not exhausted her claim in state court. Accordingly, the Court DISMISSES the petition without prejudice to refiling after the petitioner has exhausted her

claim.

## IV.    APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA").

The statute provides:

> (1)    Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A)    the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B)    the final order in a proceeding under section 2255.
>
> (2)    A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)    The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed.  Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief.  The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail.  It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief.  After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893).  Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . .  We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA:  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[2]

In this case, there can be no question that any appeal by this petitioner on any of the issues raised in this petition does not deserve attention because the petitioner has failed to exhaust her claim in state court.  The Court therefore DENIES a certificate of appealability.

---

[2]  By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue."  Id. at 337.  Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not."  Id.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions.  Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal *in forma pauperis* in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  Kincade, 117 F.3d at 952.  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED.  Accordingly, if petitioner files a notice of appeal, she must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

IT IS SO ORDERED.

---

[3]  A notice of appeal itself must be filed in this Court; a motion to proceed *in forma pauperis* should then be filed in the Sixth Circuit Court of Appeals.

  s/ **James D. Todd**_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE